IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| BRIAN WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:18-CV-00063-RWS |
| | § | |
| v. | § | |
| | § | |
| BOBBY BERGT, AMANDA JORDAN, | § | |
| | § | |
| Defendants. | § | |

# ORDER

The Plaintiff Brian Williams, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are TDCJ-CID Captain Bobby Bergt and Officer Amanda Jordan.

## I. The Plaintiff's Complaint

The narrative section of Plaintiff's amended complaint reads as follows:

On April 21, 2016, Officer K. Coatney stated to Plaintiff that they give you N----s these good jobs, causing plaintiff an [sic] manic episode as a psychiatric outpatient being treated for PTSD. On April 22, 2016, Plaintiff alerted counsel substitute defendant Jordan that he was being treated for PTSD as a psychiatric outpatient.

On April 26, 2016, Plaintiff alerted hearing officer defendant Bergt that policy states he needed input from mental health before holding the hearing, due to plaintiff being a psychiatric outpatient. Defendant Bergt excluded plaintiff from the benefit of input from the psychologist, the service for which TDCJ is responsible, for offenders with mental illness/disabilities. These discriminating actions has [sic] caused Plaintiff injury to his ADA rights.

For these alleged violations, Plaintiff seeks compensatory damages in the amount of $150,000 and attorney's fees.

## II. The Report of the Magistrate Judge

Following a review of the complaint pursuant to 28 U.S.C. § 1915A, the Magistrate Judge entered a Report and Recommendation (Docket No. 12). The Magistrate Judge recommended dismissing the lawsuit because Plaintiff's disciplinary hearing was also the subject of a federal habeas corpus petition. *Williams v. Director, TDCJ-CID*, No. 5:16-cv-95, ECF No. 1 (E.D. Tex. July 11, 2016) (petition for writ of habeas corpus). That petition was dismissed because the punishments imposed in the disciplinary case did not implicate any constitutionally protected liberty interests. *Id.*, ECF No. 8 (Apr. 12, 2017) (order adopting Magistrate Judge's report and recommendation). Thus, the Magistrate Judge determined Plaintiff's challenge to the disciplinary case was foreclosed by *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Magistrate Judge also addressed Plaintiff's complaint to the extent it raised a claim under the Americans with Disabilities Act ("ADA"). Citing *Gutierrez Martinez v. Ross-Taylor*, 67 F. App'x 243 (5th Cir. 2003), the Magistrate Judge concluded Plaintiff's claims were a challenge to the disciplinary conviction, and thus, these claims lacked merit absent a showing the conviction had been overturned or otherwise declared invalid.

Despite this conclusion, the Magistrate Judge considered Plaintiff's ADA claims assuming these claims could be separated from Plaintiff's challenge to his disciplinary case. The Magistrate Judge concluded that Plaintiff's post-traumatic stress disorder does not show he is "disabled" within the meaning of the ADA. Furthermore, the Magistrate Judge observed Plaintiff did not allege or show his alleged post-traumatic stress disorder substantially limited one or more of his major life activities, nor did Plaintiff show that Defendants regarded him as disabled.

The Magistrate Judge also concluded that Plaintiff's allegation—that Defendants "excluded [P]laintiff from the benefit of input from the psychologist"—did not allege or show he suffered discrimination *because of* his disability or that any such discrimination was intentional. Thus, the Magistrate Judge found Plaintiff's allegations are insufficient to state a claim under the ADA.

Finally, the Magistrate Judge determined that Plaintiff's allegation that Captain Bergt violated prison policy also failed to state a claim. The Magistrate Judge determined that the denial of Plaintiff's habeas petition challenging the hearing shows he was not denied due process in connection with this same hearing. The Magistrate Judge therefore recommended Plaintiff's lawsuit be dismissed for failure to state a claim upon which relief may be granted.

### III. <u>Plaintiff's Objections</u>

    *A.    Reliance on* Gutierrez Martinez*.*

In his objections, Plaintiff first asserts his claims are not like those in *Gutierrez Martinez*. He claims TDCJ policy requires input from the mental health department should be obtained before disciplinary action is taken against prisoners receiving mental health services. In addition, Plaintiff contends the unit psychologist was responsible for providing the disciplinary hearing officer and the counsel substitute's office with a list of all psychiatric outpatients in the unit.

Plaintiff's claims are clearly barred as a collateral challenge to his disciplinary conviction. "A prisoner also cannot bring a § 1983 action seeking damages (rather than the recovery of good-time credits) based on a 'conviction' until that 'conviction' has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus, if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction' or the length of his confinement." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). As in *Gutierrez Martinez*, Plaintiff's ADA claim is plainly

challenging the validity of his disciplinary case. *Gutierrez Martinez*, 67 F. App'x at 243. Accordingly, "[a]bsent proof that his disciplinary convictions have been overturned or otherwise declared invalid, [Plaintiff] cannot bring a civil action seeking damages based on a finding of guilt on his disciplinary charges, because success on his civil claim would necessarily imply the invalidity of his disciplinary convictions." *Id.* This objection is without merit, and Plaintiff's complaint can be dismissed on this issue alone.

      B.     *Post-traumatic stress disorder as a "disability" under the ADA.*

Nonetheless, Plaintiff's next objection asserts that post-traumatic stress disorder is a "clinically recognized psychological disorder," and the ADA defines mental impairment as "any psychological disorder."

A "disability" is not simply an impairment, but one "that substantially limits one or more of the major life activities" of the individual. 42 U.S.C. § 12102(4)(C); 35 C.F.R. § 108(a)(1)(i). Post-traumatic stress disorder, standing alone, is not necessarily a disability contemplated by the ADA. *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998). Instead, there must be some substantial limitation on " 'functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.' " *Id.* (quoting 29 C.F.R. § 1630.2(i)). Plaintiff has not alleged or shown any such limitations. Accordingly, this objection is without merit.

      C.     *Whether Plaintiff was regarded as disabled.*

Next, Plaintiff contends the Defendants received a list of all of the psychiatric patients on the unit, arguing this shows he was "regarded as disabled."

The ADA's definition of disability includes individuals who are " 'regarded as having such an impairment [that substantially limits one or more of the major life activities].' " *Ariza v. Loomis Armored US, L.L.C.*, 676 F. App'x 224, 227 (5th Cir. 2017) (quoting *E.E.O.C. v. E.I. Du Pont de*

*Nemours & Co.*, 480 F.3d 724, 729 (5th Cir. 2007)) (alteration in original). In other words, "[a]n individual is 'regarded as' being disabled if [he] '(1) has an impairment that is not substantially limiting but which the employer perceives as substantially limiting, (2) has an impairment that is substantially limiting only because of the attitudes of others, or (3) has no impairment but is perceived by the employer as having a substantially limiting impairment.' " *Id.* (citing *E.E.O.C.*, 480 F.3d at 729) (quotations omitted). Thus, "an employer's 'mere knowledge' of an employee's medical condition does not in itself 'support an inference that [the employer] regarded [him] as disabled.' " *Id.* (quoting *Flanner v. Chase Inv. Servs. Corp.*, 600 F. App'x 914, 922 (5th Cir. 2015)).

Plaintiff's allegation that he was on a list of psychiatric patients merely shows that Defendants knew of Plaintiff's medical condition. It does suggest that Defendants regarded the condition as substantially limiting under the ADA. Thus, Plaintiff's allegations are not sufficient to show the Defendants regarded him as "disabled" so as to bring him within the ADA. Accordingly, this objection is without merit.

  D. *Whether Plaintiff alleged discrimination resulting from a disability.*

Finally, Plaintiff argues he suffered discrimination because of his disability. Plaintiff contends both Officer Jordan and Captain Bergt knew he was being treated for post-traumatic stress disorder. According to Plaintiff, Defendants also knew that prison policy required input from the mental health department before holding the disciplinary hearing.

Plaintiff's complaint suggests that, per prison policy, other offenders with PTSD were given the opportunity to receive input from the mental health department before disciplinary hearings and this opportunity is only offered to offenders receiving psychiatric treatment. Thus, the failure to provide input before Plaintiff's hearing was not because of Plaintiff's alleged disability. *See Back v. TDCJ-CID*, 716 F. App'x 255, 258 (5th Cir. 2017) ("[Plaintiff]'s own

allegation that other offenders with the same disability received a medical box at the Powledge Unit suggests that the failure to issue the box to [Plaintiff] had nothing to do with his disability."). These allegations fail to show Plaintiff suffered discrimination *because of* his alleged disability. Plaintiff's objections are without merit.

**IV. <u>Conclusion</u>**

On *de novo* review of the objected-to portions of the Magistrate Judge's Report and Recommendation, the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. *See* 28 U.S.C. § 636(b)(1) (The District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). It is accordingly

**ORDERED** the Plaintiff's Objections (Docket No. 16) are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 12) is **ADOPTED** as the opinion of the Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** failure to state a claim upon which relief may be granted.

**So ORDERED and SIGNED this 29th day of October, 2019.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE